UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN ASSURANCE COMPANY, | Case No. 21-cv-01135-RS |
| Plaintiff, | |
| v. | **ORDER FOR FURTHER BRIEFING** |
| ZURICH AMERICAN INSURANCE COMPANY, et al., | |
| Defendants. | |

The parties' various cross-motions in this matter were heard in August of 2022. The parties were directed to engage in further efforts to resolve their disputes through mediation, which they did. At a further case management conference in November of 2022, the parties reported that they had been unable to reach a resolution and were unlikely to make further progress absent a court decision on the merits of the pending motions or at a minimum, court "guidance" on evidentiary issues and the scope and extent of the mediation privilege.

In *Montrose Chem. Corp. v. Superior Ct*., 9 Cal. 5th 215, 226 (2020), the California Supreme Court articulated a rule under which, "the insured has access to any excess policy once it has exhausted other directly underlying excess policies with lower attachment points, but an insurer called upon to indemnify the insured's loss may seek reimbursement from other insurers that issued policies covering relevant policy periods." Plaintiff Great American Assurance Company contends it has followed the direction of the *Montrose* court exactly, by paying out under its excess policy that was in force between June 30, 2008, and June 30, 2009, and then

bringing this action to seek reimbursement from lower-level insurers who issued policies covering an earlier time period that Great American contends was implicated by the claims against the insured.

The *Montrose* court, however, explained that the issue it was addressing was a "follow-on question" that resulted from prior decisions adopting "an all-sums-with-stacking approach to the coverage of long-tail injuries." *Id.* at 228. Great American explicitly contends that the "all-sums-with-stacking" approach does *not* apply to any of the policies in dispute here, because they all include language deliberately adopted to avoid that result. Great American Motion at p. 21. ("The language of the policies here places coverage for all subsequent damage caused by an occurrence in the policies in force when damage begins.") Thus, the choice between "vertical stacking" and "horizontal stacking" at the heart of the *Montrose* decision does not appear to be present here.

Great American seems to be contending that the claims for subsidence should have been covered *only* under the '07-'08 policy stack, which did not include any policy issued by Great American. In *Montrose*, in contrast, lower-level insurers were liable for multiple years, such that if those policy limits were aggregated, the higher-level excess insurance policies might not have been triggered. The rights of the excess insurers in *Montrose* to seek reimbursement from the lower-level insurers would appear to stand on a theoretical basis that is not present here. While Great American argues the lower-level insurers in this case were obligated to pay for multiple *occurrences*, it is not immediately clear how *Montrose* might apply under these differing circumstances.

Accordingly, within one-week Great American shall file a supplemental brief, not to exceed 12 pages addressing these issues. Defendants may file a joint response not to exceed 12 pages, or separate responses, not to exceed 8 pages each, at their election, within one week thereafter. The matter will then be resubmitted for decision.

**IT IS SO ORDERED**.

Dated: January 9, 2023

_____
RICHARD SEEBORG
Chief United States District Judge